**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X

In re:

**85 FLATBUSH RHO MEZZ LLC,**
**85 FLATBUSH RHO HOTEL LLC, and**
**85 FLATBUSH RESIDENTIAL LLC**,

                      Debtors.

---------------------------------------------------------X

Chapter 11

Case Nos.: 20-23280-rdd through
20-23282-rdd

(Joint Administration Requested)

## ORDER ON DEBTOR'S UTILITIES MOTION

Upon the motion (the "Motion")[1] of the Debtors for an order (i) approving the Debtors' proposed form of adequate assurance of post-petition payment to the Utility Companies (as defined herein); (ii) establishing procedures for resolving any objections by the Utility Companies relating to the Proposed Adequate Assurance (as defined in the Motion); and (iii) prohibiting the Utility Companies from altering, refusing or discontinuing service to, or discriminating against, the Debtors solely on the basis of the commencement of these Chapter 11 cases; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that the relief requested by the Motion is in the best interests of the Debtors and their creditors, and after due deliberation thereon and sufficient cause appearing therefor, it is hereby

      **ORDERED, ADJUDGED AND DECREED that**:

1. The Motion is granted as set forth herein.

2. The Proposed Adequate Assurance constitutes "adequate assurance of payment" for purposes of section 366 of the Bankruptcy Code.

---

[1] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

{01079835.DOC;5 }

3. On or before two business day subsequent to the entry of this order, the Debtors will establish an interest-bearing account (the "Utility Deposit Account") for all the Utility Companies. The Debtors shall deposit the sum of $12,000 as a deposit for each utility company which is equal to approximately 14 days of average usage (the "Utility Deposit").

4. The Debtors may reduce the Utility Deposit to the extent that it includes an amount (i) on account of a Utility Company that the Debtors subsequently determine should be removed from the Utility Company List or (ii) that is already held by a Utility Company as a deposit or prepayment.

5. The following procedures (the "Adequate Assurance Procedures") for any Utility Company not satisfied with the Proposed Adequate Assurance to request additional adequate assurance (an "Additional Assurance Request") are approved on an interim basis:

   a) Within three business days after the date of entry of the Order, the Debtors shall mail a copy of this Order, together with the Utility Company List, to the Utility Companies.

   b) If a Utility Company is not satisfied with the Proposed Adequate Assurance and seeks additional adequate assurance of payment, it must, within 20 days after entry of the Order, serve an Additional Assurance Request upon (i) Robinson Brog Leinwand Greene Genovese & Gluck P.C., 875 Third Avenue, 9th Floor, New York, New York 10022 attn: Fred B. Ringel, Esq.; and (ii) the Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Andrea Schwartz, Esq; and (vi) counsel to any statutory committee appointed in this case (the "Adequate Assurance Notice Parties").

   c) Each Additional Assurance Request must (i) be made in writing; (ii) set forth the amount and form of additional assurance of payment requested; (iii) set forth the type of Utility Services, any account numbers, and the location for which Utility Services are provided; (iv) include a summary of the Debtors' payment history to such Utility Company, including whether the Utility Company holds any deposits or other security, and if so, in what amount; and (v) set forth why the Utility Company believes the Proposed Adequate

Assurance is not sufficient adequate assurance of payment.

d) Upon the Debtors' receipt of an Additional Assurance Request, the Debtors shall have twenty (20) days from the receipt of such Additional Adequate Assurance Request (the "Resolution Period") to negotiate with such Utility Company to resolve such Utility Company's request for additional assurance of payment.

d) The Debtors may resolve any Additional Assurance Request, Objection, or Determination Motion (as defined below) by mutual agreement with the Utility Company and may, in connection with any such agreement, in its sole discretion, modify the amount contributed to the Utility Deposit Account for the benefit of such Utility Company and/or provide the Utility Company with an alternative form of adequate assurance of payment, without further order of this Court, if the Debtors believe such additional assurance is reasonable; provided, however, that the Debtors shall maintain a summary record of such agreements and their respective terms, and such summary record and the agreements themselves shall be available to any official committee appointed in the case and/or the Office of the United States Trustee for the Southern District of New York upon demand.

e) Upon the Debtors' receipt of an Additional Assurance Request, the Debtors may, at its discretion and without further order of this Court, have an option to resolve the Additional Assurance Request by paying the Utility Company, in advance, an amount equal to the preceding one (1) month of the Utility Services (the "Advance Payment") and, simultaneously reducing the Utility Deposit Account by the amount of the Utility Deposit that was deposited in the Utility Deposit Account for such Utility Company.

f) Should the Debtors elect not to make the Advance Payment and be unable to reach a mutual resolution with respect to an Adequate Assurance Request within the Resolution Period, the Debtors shall (and the Utility Company may) file a motion with the Court seeking a hearing to determine the adequacy of assurance of payment with respect to a particular Utility Company (the "Determination Motion") with the Court and, if the Determination Motion is not withdrawn, the Court will determine the adequacy of the Proposed Adequate Assurance with respect to that Utility Company; provided, however, that nothing herein shall prejudice a Utility Company's right to seek emergency relief.

6. This Order shall be binding on all Utility Companies, regardless of when such Utility Company was added to the Utility Company List; provided, however, that if additional parties are added, the Debtors may increase the amount of the Utility Deposit by an amount equal to the cost of 14 days of Utility Services provided by such subsequently identified Utility

{01079835.DOC;5 }                                   3

Company to the Debtors.

7. In the event that any Utility Company files and/or serves an untimely Objection or an Additional Assurance Request after the Additional Assurance Request Deadline, such request shall be treated as a request under section 366(c)(3), and shall be granted, if at all, only after the Utility Company making such request schedules such request for hearing, on notice, in accordance with the provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, including section 366(c)(3).

8. The Utility Companies are prohibited from altering, refusing, or discontinuing service to or discriminating against the Debtors on account of unpaid prepetition invoices or due to the commencement of this case, or requiring the Debtors to pay a deposit or other security in connection with the provision of post-petition Utility Services, other than in accordance with the Adequate Assurance Procedures.

9. Notwithstanding entry of this Order, if there is a material adverse change in the Debtors' financial condition during the Chapter 11 case, any Utility Company may file an application with the Court on notice to the Adequate Assurance Notice Parties requesting additional adequate assurance of future payment; provided that, pending resolution of such application, the relevant Utility Company shall be prohibited from discontinuing, altering or refusing service to the Debtors.

10. This Order shall apply to all Utility Companies providing Utility Services to the Debtors and is not limited to those listed on the Utility Company List.

11. This Order is without prejudice to the Debtors' rights to contest the amounts of any amounts owed to a Utility Company.

13. The Debtors are authorized to take all actions necessary to effectuate the relief

granted in this Order in accordance with the Motion.

14. Bankruptcy Rule 6003(b) has been satisfied and notwithstanding any applicability of Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: White Plains, New York
       _____, 2020

       _____
       HONORABLE ROBERT D. DRAIN
       UNITED STATES BANKRUPTCY JUDGE