**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------X

In re:

**85 FLATBUSH RHO MEZZ LLC,**
**85 FLATBUSH RHO HOTEL LLC, and**
**85 FLATBUSH RESIDENTIAL LLC**,

                               Debtors.
----------------------------------------------------------X

Chapter 11

Case Nos.:  20-23280-rdd through
20-23282-rdd

(Joint Administration Requested)

### ORDER (A) AUTHORIZING DEBTOR'S INTERIM USE OF CASH COLLATERAL, (B) GRANTING ADEQUATE PROTECTION TO LENDER, AND (C) SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001

**UPON** the motion (the "Cash Collateral Motion") for an order pursuant to § 363(c)(2)(B) and 506(c) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking the entry of an order (A) authorizing the Debtor to use cash collateral as that term is defined in §363(a) of the Bankruptcy Code (the "Cash Collateral") on an interim basis in general accordance with the Budget (the "Budget") annexed to the Cash Collateral Motion as Exhibit "A", pending a final hearing, (B) granting adequate protection to 85 Flatbush Avenue 1 LLC (the "Lender") and (C) scheduling a final hearing pursuant to Bankruptcy Rule 4001; and

**UPON** proof of service of the Cash Collateral Motion in accordance with the Bankruptcy Rules and such notice appearing adequate under the circumstances and sufficient cause appearing to me therefor; it is

**ORDERED**, that effective as of the date hereof, and upon the following terms and conditions, the Debtor is authorized on an interim basis to utilize the Cash Collateral, if any, generated from the operation of the Hotel.[1]

---

[1] Terms not defined herein shall have the meaning proscribed in the Motion.

{01082880.DOC;1 }

a. Pending further order of this Court, pursuant to 11 U.S.C. §§ 363(c)(2) and 506(c), the Cash Collateral shall be used by the Debtor in the ordinary course of its business to pay the reasonable and necessary operating expenses of the Debtor in general accordance with the Budget which is incorporated herein, and that without further order of the Court, the Debtor may exceed any line-item in the Budget and make expenditures not on the Budget for ordinary course of business expenses that it deems to be appropriate in its business judgment as necessary to operate the business and maintain the Hotel and the Debtor's property, provided that the cumulative additional expenditures do not exceed 10% of the total monthly budget without Lender's consent or further Court order.

b. As adequate protection for the Debtor's use of Cash Collateral, the Debtor will (a) maintain the value of the Property though payment of the normal monthly expenditures in general accord with the Budget, (b) maintain the cash it collects over and above its expenditures in its debtor in possession account pending further order of this Court, (c) provide that all liens and security interests of the Lender, if any, in the Cash Collateral used and consumed pursuant to this Order shall constitute a claim, secured by a lien in all of the pre-petition and post-petition assets of the Debtor in the same order of priority as existed prior to the Petition Date (the "Adequate Protection Lien") to the extent of any diminution in the level of Cash Collateral as it existed as of the Petition Date, *provided however* that such Adequate Protection Lien shall at all times be subordinate to (i) professional fees and reimbursement of expenses that may be awarded pursuant to 11 U.S.C. §§330 and 331 to professionals retained by the Debtor, (ii) any professionals employed by committees in this case and retained by order of this Court; and (iii) quarterly fees of the United States Trustee. If the Court subsequently determines that there has been no diminishment in the values of Cash Collateral since the Petition Date as a result of the

Debtor's use of Cash Collateral, the Adequate Protection Lien and all claims and priorities granted herein with respect thereto shall be void.

  c. The terms of this Order shall be effective until a final order authorizing the use of Cash Collateral is entered. In the event a party files a motion objecting to the Debtor's continued use of Cash Collateral, the Debtor shall be authorized to continue to use Cash Collateral and their use of Cash Collateral may only be terminated until after the Court makes an adverse determination on such motion.

  d. If any or all of the provisions of this Order are hereafter modified, vacated or stayed by subsequent order of this or any other Court, such stay, modification or vacation shall not affect the validity of any payments made hereunder or the validity and enforceability of any lien, security interest or priority authorized hereby with respect to any of the Cash Collateral which has been used pursuant to this Order, and notwithstanding such stay, modification or vacation, any use of Cash Collateral by the Debtor prior to the effective date of such modification, stay or vacation shall be governed in all respects by the original provisions of this Order.

  e. Nothing herein shall constitute an admission or waiver by either Lender or the Debtor of any of their rights under the underlying note, mortgage, the property securing the note, or any of rights of any kind.  Nor shall anything herein constitute an admission by the Debtor of the validity and amount of the Lender's claims against the Debtor or of the extent, priority and perfection of the Lender's security interests in the Debtor's assets and the Debtor reserves its rights to object to the Lender's claims and validity, extent and priority of the Lender's security interests in the Debtor's assets and seek direct relief against the Lender; and it is further

  **ORDERED**, that a final hearing to consider the Debtor's use of Cash Collateral shall be

held, telephonically, on _____, 2021 at \_\_:00 a/p.m. before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601; and it is further

**ORDERED**, that that any party who wishes to attend the telephonic hearing is required to make arrangements through Court Solutions at www.court-solutions.com or by telephone: (917) 746-7476.

**DATED:** White Plains, New York
_____, 2020

_____
**HONORABLE ROBERT D. DRAIN**
**UNITED STATES BANKRUPTCY JUDGE**