**ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.**
875 Third Avenue
New York, New York 10022
Fred B. Ringel
Lori Schwartz
*Proposed Attorneys for the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

In re:

**85 FLATBUSH RHO MEZZ LLC,
85 FLATBUSH RHO HOTEL LLC, and
85 FLATBUSH RESIDENTIAL LLC**,

                            Debtors.
-----------------------------------------------------------X

Chapter 11

Case Nos.: 20-23280-rdd through
20-23282-rdd

(Joint Administration Requested)

**DEBTORS' MOTION PURSUANT TO SECTIONS 105(A) AND
363(B) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6003 AND
6004 FOR INTERIM AND FINAL AUTHORIZATION (I) TO PAY WAGES AND,
COMPENSATION AND (II) FOR FINANCIAL INSTITUTIONS TO HONOR AND
<u>PROCESS CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS</u>**

**TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:**

      85 Flatbush RHO Mezz LLC ("<u>Mezz</u>"), 85 Flatbush RHO Hotel LLC ("<u>Hotel</u>") and 85 Flatbush RHO Residential LLC ("<u>Residential</u>," and defined together with Mezz and Hotel, as the "<u>Debtors</u>"), by their proposed counsel, Robinson Brog Leinwand Greene Genovese & Gluck P.C., respectfully represents:

**<u>JURISDICTION</u>**

      1.     This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334. This motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The venue of this case is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 105(a) and of title 11 of the United States Code (the "Bankruptcy Code"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the applicable Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

**BACKGROUND**

4. On December 18, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. The Debtors are operating their businesses and managing their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the filing of this motion, no trustee, examiner or committee has been requested or appointed.

6. Mezz is the 100% owner of Hotel and Residential. Hotel and Residential collectively own the property located at 85 Flatbush Extension, Brooklyn, New York, (the "Property"). The Property is a 132,641 square foot, twelve-story, mixed use property consisting of a 174 room boutique hotel on the first 6 floors known as the Tillary Hotel Brooklyn, a 58,652 square foot 64-unit luxury multi-family building and a 5,642 square foot parking garage. The residential component of the Property has 9 studios, 26 one-bedroom units and 29 two-bedroom units. Of the 64 units, currently five (5) are occupied. The intention is to convert the residential component into condominiums.

7. The COVID-19 pandemic and the attendant travel restrictions and quarantine requirements along with the NYC shutdown of indoor dining beginning in March 2020 had an

immediate impact on the hospitality industry as a whole and caused the Hotel to shut down operations entirely for the month of April 2020. The Hotel reopened to provide homeless shelter services from May 15, 2020 through June 30, 2020. The Hotel reopened to the public on July 15, 2020 and remains open, but with a substantially reduced occupancy rate, resulting in limited revenue. As a result, Mezz, Hotel and Residential have been unable to pay their current debt service obligations to their secured lenders.

## RELIEF REQUESTED

8. By this motion, the Debtors request entry of an interim order substantially in the form attached hereto as **Exhibit A**, under sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, to pay its current employees (the "Employees") for work performed prepetition for the payroll periods December 14, 2020 through the Petition Date (the "Prepetition Payroll") and to honor certain other prepetition employee-related obligations. The Debtors seek this authority to minimize the personal hardship that the Employees would suffer if they are not paid their wages and associated benefits when due and maintain the morale of its essential workforce during this critical time. The obligations that the Debtors seek authority to include are wages and salaries and state withholding taxes and other amounts withheld (collectively, the "Employee Obligations"), and to pay all fees and costs incident to the foregoing, including amounts to third- party administrators. Because of the potential for irreparable harm if the Employee Obligations are not paid or otherwise satisfied when due, the Debtors seek immediate authority to pay all such obligations.

9. The Debtors further request that the Court authorize and direct financial institutions to receive, process, honor, and pay all checks presented for payment and electronic payment requests relating to the foregoing to the extent directed by the Debtors in accordance with this Motion and the Debtors have sufficient funds with such bank, whether such checks

{01079502.DOC;3 }

were presented or electronic requests were submitted before or after the Petition Date, and that all such financial institutions be authorized to rely on the Debtors' designation of any particular check or electronic payment request as appropriate pursuant to this Motion, without any duty of further inquiry, and without liability for following the Debtors' instructions.

## THE DEBTORS' PREPETITION EMPLOYEE OBLIGATIONS

10. In the ordinary course of their business, the Debtors incur payroll and various other obligations to its employees for services performed. The Debtors' next payroll is due December 24, 2020, which covers the Prepetition Payroll. Maintaining the Debtors' workforce with minimal interruption is critical to the survival of the Debtors' business. The Debtors seek the relief requested herein to ensure the uninterrupted payment of its payroll obligations.

11. The Debtors have not processed the Prepetition Payroll yet because the Debtors process payroll on a weekly basis and the Petition Date falls in between the Debtor's payroll period. However, based on previous payrolls and the Debtors current business, the Debtors generally employ 22 employees, five of which are salaried employees, with the remaining 17 as hourly wage employees.[1] The Debtors' average weekly gross payroll for its employees varies depending upon the hours worked. All employees are paid weekly in arrears (the "Employee Compensation Obligations"). The Debtor's Employee Compensation Obligations on a weekly basis is generally around $19,000. The Debtor anticipates that its Employee Compensation Obligations for the Prepetition Payroll to be less than the average weekly payroll as the Prepetition Payroll only covers only four days rather than a full seven day week, and the Debtor anticipates the Debtors' staffing needs to be consistent with previous payroll obligations. The

---

[1] The number of employees employed by the Debtors during a payroll period may depending on the Debtors' needs.

{01079502.DOC;3 }

Employee Compensation Obligations for each Employee for the Prepetition Payroll will not exceed the $13,650 cap under section 507(a)(4) of the Bankruptcy Code.[2]

12. The Debtors are required by law to withhold amounts related to federal, state, and local income taxes, as well as Social Security and Medicare taxes, for remittance to the appropriate taxing authority (collectively, the "Withheld Amounts"). The Debtors are required to pay additional amounts for federal and state unemployment insurance (collectively, the "Employer Payroll Taxes," together with the Withheld Amounts, the "Payroll Taxes"). Federal and State Unemployment Insurance payments are payable quarterly. The Debtors' weekly Payroll Taxes are approximately $5,000, and the Debtors estimate a similar proportionate amount in Payroll Taxes for this Prepetition Payroll.

## BASIS FOR RELIEF

13. Under sections 507(a)(4)(A) of the Bankruptcy Code, claims of Employees of the Debtor for "wages, salaries, or commissions, including vacation, severance, and sick leave pay" earned within 180 days before the Petition Date are afforded priority unsecured status to the extent of $12,850 per Employee.

14. Furthermore, section 363(b)(1) of the Bankruptcy Code provides, in pertinent part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, the property of the estate." 11 U.S.C. § 363(b)(1). Section 105(a) of the Bankruptcy Code further provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary

---

[2] The Debtors reserve the right to contest the validity or amount of any Employee Compensation Obligation or Employee Obligation.

>or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

15. The Debtors believe that the Employee Obligations for the Prepetition Payroll constitute priority claims under sections 507(a)(4) and (5) of the Bankruptcy Code. As priority claims, the Employee Obligations must be paid in full before any of the Debtor's general unsecured obligations may be satisfied. Accordingly, the relief requested may affect only the timing of the payment of these priority obligations and will not prejudice the rights of general unsecured creditors or other parties in interest. Indeed, as of the Petition Date, the Debtor believes that no Employees are owed more than $13,650 for Prepetition Payroll.

16. A bankruptcy court's use of its equitable powers to "authorize the payment of prepetition debt when such payment is needed to facilitate the rehabilitation of the Debtors is not a novel concept." In re Ionosphere Clubs, Inc., 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989). "Under Section 105, the court can permit pre-plan payment of a pre-petition obligation when essential to the continued operation of the Debtors." In re NVR L.P., 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) (citing Ionosphere Clubs, 98 B.R. at 177). See also In re Just for Feet, Inc., 242 B.R. 821 (D. Del. 1999) (court is authorized under section 105(a) to allow immediate payment of prepetition claims of vendors found to be critical to the Debtors' reorganization, citing In re Penn Central Transp. Co., 486 F.2d 519 (3d Cir. 1973)); In re Columbia Gas Sys. Inc., 171 B.R. 189 (Bankr. D. Del. 1994) (noting that, in the Third Circuit, Debtors may pay prepetition claims that are essential to the continued operation of their business).

17. The "necessity of payment" doctrine "recognizes the existence of the judicial power to authorize a debtor in a reorganization case to pay prepetition claims where such payment is essential to the continued operation of the debtors." In re Ionosphere Clubs, Inc., 98

B.R. at 176 (Bankr. S.D.N.Y. 1989) (authorizing the payment of prepetition employee wages and benefits); see also Mich. Bureau of Workers' Disability Comp. v. Chateaugay Corp. (In re Chateaugay Corp.), 80 B.R. 279, 285-86 (S.D.N.Y. 1987), appeal dismissed 838 F.2d 59 (2d Cir. 1988) (approving lower court order authorizing payment of prepetition wages, salaries, expenses, and benefits). This doctrine is consistent with the paramount goal of chapter 11 of "facilitating the continued operation and rehabilitation of the debtors." Ionosphere Clubs, 98 B.R. at 176.

18. In this case, any delay or failure to pay wages, salaries, benefits, and other similar items would irreparably impair the Employees' morale, dedication, confidence, and cooperation, and would adversely impact the Debtors' relationship with its Employees at a time when the Employees' support is critical to the Debtors' chapter 11 cases. At this early stage, the Debtors cannot risk the substantial damage to its business that would inevitably attend a rapid decline in its Employees' morale.

19. Absent a grant of the relief requested herein, the Employees will suffer undue hardship and, in many instances, serious financial difficulties, as the amounts in question are needed to enable the Employees to meet their own personal financial obligations. Without the requested relief, the stability of the Debtors will be undermined, perhaps irreparably, by the distinct possibility that otherwise loyal Employees will seek other employment alternatives.

20. With respect to Payroll Taxes in particular, the payment of such taxes will not prejudice other creditors of the Debtors' estates, as the relevant taxing authorities generally would hold priority claims under section 507(a)(8) of the Bankruptcy Code in respect of such obligations. Moreover, the portion of the payroll taxes withheld from an Employee's wages on behalf of the applicable taxing authority is held in trust by the Debtors. These trust fund taxes are not property of the Debtors estates under section 541 of the Bankruptcy Code. See, e.g.,

{01079502.DOC;3 }

Begier v. IRS, 496 U.S. 53 (1990) (withholding taxes are property held by a debtor in trust for another and, as such, are not property of the debtor's estate).

21. The Debtors do not seek to alter its compensation or other benefit policies at this time. This motion is intended only to permit the Debtors, in its discretion, to make payments consistent with the Debtors' existing policies to the extent that, without the benefit of an order approving this motion, such payments may be inconsistent with the relevant provisions of the Bankruptcy Code, and to permit the Debtors, in their discretion, to continue to honor its practices, programs, and policies with respect to its Employees, as such practices, programs, and policies were in effect as of the Petition Date. Payment of all Employee Obligations in accordance with the Debtors' prepetition business practices is in the best interests of the Debtors' estates, their creditors, and all parties in interest. It will enable the Debtors to continue to operate their business economically and efficiently and without disruption. The Debtors' Employees are central to its operations and are vital to these chapter 11 cases. A significant deterioration in Employee morale at this critical time undoubtedly would have a devastating impact on the Debtors, their customers and vendors, and the value of the Debtors' assets and business.

22. In other chapter 11 cases, courts in this district have approved payment of prepetition claims for compensation, benefits, and expense reimbursements similar to those described herein. See, e.g., In re Sbarro LLC, No. 14-10557 (Bankr. S.D.N.Y. Apr. 7, 2014) (ECF Doc. No. 133); In re Loehmann's Holdings Inc., No. 13-14050 (Bankr. S.D.N.Y. Jan. 16, 2014) (ECF Doc. No. 274); In re Atari Inc., No. 13-10176 (Bankr. S.D.N.Y. Feb. 15, 2013) (ECF Doc. No. 86); In re Daffy's Inc., No. 12-13312 (Bankr. S.D.N.Y. Aug. 23, 2012) (ECF Doc. No. 296).

23. The Debtors submit the facts cited herein illustrate that the relief requested is necessary to avoid immediate and irreparable harm to the Debtors and their estate. Based on the foregoing, Bankruptcy Rule 6003 has been satisfied.

24. Furthermore, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the stay of the order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

25. Authorization to pay all amounts on account of prepetition Employee Obligations shall not be deemed to constitute post-petition assumption or adoption of any contract, program, policy, or collective bargaining agreement under sections 365 and 1113 of the Bankruptcy Code. The Debtors are in the process of reviewing these matters and reserves all of its rights under the Bankruptcy Code with respect thereto. Moreover, authorization to pay all amounts in respect of prepetition Employee Obligations shall not affect the Debtors' right to contest the amount or validity of any Employee Obligation, including without limitation, the Payroll Taxes that may be due to any Taxing Authority.

## **NOTICE**

26. No trustee, examiner, or creditors' committee has been appointed in this chapter 11 case. Service of this motion will be on the Office of the United States Trustee and the Debtor's 20 largest creditors.

27. No previous motion or application for the relief sought herein has been made to this or any other Court.

**WHEREFORE,** the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

| | |
|---|---|
| Dated: New York, New York<br>December 20, 2020 | ROBINSON BROG LEINWAND<br>GREENE GENOVESE & GLUCK P.C.<br><br>By:  /s/ Fred B. Ringel<br>Fred B. Ringel<br>Lori Schwartz<br>875 Third Ave, 9th Floor<br>New York, NY  10022-0123<br>(212) 603-6300<br>amg@robinsonbrog.com<br>*Proposed Attorneys for Debtors* |

# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X

In re:

**85 FLATBUSH RHO MEZZ LLC,**
**85 FLATBUSH RHO HOTEL LLC, and**
**85 FLATBUSH RESIDENTIAL LLC**,

                        Debtors.
---------------------------------------------------------X

Chapter 11

Case Nos.:  20-23280-rdd through
20-23282-rdd

(Joint Administration Requested)

### INTERIM ORDER PURSUANT TO SECTIONS 105(A) AND 363(B) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6003 AND 6004 AUTHORIZING THE DEBTORS TO (I) PAY WAGES, COMPENSATION AND (II) OF FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS

        Upon the motion, dated December 18, 2020 (the "Motion"), of 85 Flatbush RHO Mezz LLC ("Mezz"), 85 Flatbush RHO Hotel LLC ("Hotel") and 85 Flatbush RHO Residential LLC ("Residential", and defined together with Mezz and Hotel, as the "Debtors"), seeking authorization, pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to pay wages, compensation, and all other Employee Obligations[1] and authorizing financial institutions to honor and process checks and transfers related to such obligations, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for the Southern District of New York (the "U.S. Trustee") and (ii) those creditors

---

[1] Terms not defined herein shall have the meaning proscribed in the Motion.

{01079503.DOC;2 }

holding the twenty largest unsecured claims against the Debtors' estates, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the Motion is granted on an interim basis; and it is further

**ORDERED** that pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized, but not directed, to continue to honor existing practices, programs, and policies with respect to its Employees as such practices, programs, and policies were in effect as of the date of the commencement of the Debtors' chapter 11 cases; and it is further

**ORDERED** that pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized, but not required, to make all payments with respect to prepetition Employee Obligations for the Prepetition Payroll, with the exception of insiders, in the amounts described in the Motion with respect to such Employee Obligations, and in accordance with the Debtors' prepetition practices and policies; and it is further

**ORDERED** that nothing in the Motion shall be deemed a request by the Debtors for authority to assume, and nothing in this Order shall be deemed authorization or approval to assume, any executory contract, unexpired lease, or collective bargaining agreement pursuant to sections 365 and/or 1113 of the Bankruptcy Code; and it is further

**ORDERED** that nothing in the Motion or this Order shall be construed as impairing the Debtors' right to contest the validity or amount of any Employee Compensation Obligation or Employee Obligation, including without limitation any taxes that may be due to any taxing authority; and it is further

**ORDERED** that in accordance with this Order, each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the obligations described in the Motion are authorized and directed to (a) receive, process, honor, and pay all checks presented for payment and to honor all fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in those accounts and (b) accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise; and it is further

**ORDERED** that Bankruptcy Rule 6003(b) has been satisfied; and it is further

**ORDERED** that notwithstanding any applicability of Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED** that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 4001(d) and 6004(a) are waived; and it is further

**ORDERED** that a final hearing on the Motion shall be held on _____, 2020 at __:00 a.m. prevailing Eastern Time; and it further

{01079503.DOC;2 }

**ORDERED** that within three (3) business days after entry of this Order, the Debtors shall serve a copy of this Order on (i) the Office of the United States Trustee and (ii) the Debtors' twenty (20) largest unsecured creditors.

**DATED:**  White Plains, New York
_____, 2020

**HONORABLE ROBERT D. DRAIN**
**UNITED STATES BANKRUPTCY JUDGE**